*Paul Carter* and *B. L. Solomon,* for Plaintiffs in Error;

*Smith & Davis,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the judgment aforesaid, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby, affirmed.

All concur.

---

THE AMERICAN LUMBER AND EXPORT COMPANY, *Plaintiff in Error,* v. GAINESVILLE PLANING AND COFFIN COMPANY, *Defendant in Error.*

Decision Filed January 19, 1922.

A Writ of Error to the Circuit Court for Alachua County; A. V. Long, Judge.

*C. R. Layton* and *T. B. Ellis, Jr.,* for Plaintiff in Error;

*W. S. Broome,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the

judgment aforesaid, and briefs and argument of coun-sel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby, affirmed.

All concur.

---

J. W. PETERSON, *Plaintiff in Error,* v: OSCAR. DANIELS COMPANY, A CORPORATION, *Defendant in Error.*

Decision Filed January 19, 1922.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

*Gibson* & *Riherd,* for Plaintiff in Error;

*Knight, Thompson* & *Turner,* for Defendant in Error.

PER CURIAM.—In an action for personal injuries, judg-ment was rendered for the defendant on a demurrer to the declaration and plaintiff took writ of error. The declaration is needlessly prolix, but as the allegations do not by repugnance destroy each other, and as the declara-tion does not wholly fail to state a cause of action, the demurrer should have been overruled. See Catts v. Hen-derson, 81 Fla. 138, 87 South. Rep. 313; Florida East